UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 1:91-CR-141-1 |
| § | |
| MIGUEL BOTELLO § | |

## ORDER AND OPINION

Defendant Miguel Botello requests that the Court reduce his sentence and order his release because he is 63 years old and has served 30 years of a life sentence. (Motion, Doc. 304) Based on the record and the applicable law, the Court concludes that Botello has not demonstrated that extraordinary and compelling reasons support a reduction of his sentence.

**I**

A jury convicted Botello of murder in furtherance of a continuing criminal enterprise, in violation of 21 U.S.C. § 848, and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). *See United States v. Botello*, 991 F.2d 189, 190 (5th Cir. 1993). In 1992, he was sentenced to life imprisonment on the murder conviction and to twenty years for money laundering. *See United States v. Botello*, 190 F.3d 537 (5th Cir. 1999) (per curiam) (unpublished table decision); CM/ECF Dkt. Nos. 175, 179.

Botello is currently serving his sentence at the Federal Correctional Institute in Three Rivers, Texas.[1] (*Id.* at 25)

**II**

The First Step Act permits defendants to present a request for a reduction of sentence directly to the courts under 18 U.S.C. § 3582(c)(1). The statute contains specific requirements for submitting direct petitions. The defendant must either first "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or

---

[1] The Court takes judicial notice that the Bureau of Prisons has reported 33 currently active cases of COVID-19 among inmates and staff at the facility, and zero deaths. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last updated August 17, 2021).

wait for "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* at § 3582(c)(1)(A). In the latter scenario, the defendant need not exhaust available administrative remedies.

Botello has met the requirements of Section 3582(c)(1)(A). Botello requested that the Warden submit a motion for compassionate release on his behalf, and the Warden denied the request. (Motion, Doc. 304, 3, 22) The record does not make clear whether Botello exhausted any administrative remedies, but as more than 30 days have lapsed since he submitted the request to the Warden, he has satisfied the threshold requirements of Section 3582(c)(1)(A).

### III

A court may reduce a defendant's sentence based on the factors set forth in 18 U.S.C. § 3553(a) if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A)(i). No applicable policy statement exists, as the Sentencing Commission has not promulgated any policy statement in response to the First Step Act, and the policy statement within Section 1B1.13 of the United States Sentencing Guidelines applies only when the Director of the Bureau of Prisons has presented a motion under Section 3582. *See United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021). As a result, the Court is bound only by Section 3582(c)(1)(A) and the sentencing factors in Section 3553(a). *Id.* at 393. The Court considers these factors to determine whether "extraordinary and compelling reasons warrant" a reduction of the defendant's sentence.

In support of his request, Botello argues that his release is warranted based on his clean prison disciplinary record over the 30 years he has served, the changes in the law from mandatory sentencing to discretionary sentencing giving a judge more flexibility and making it unlikely that he would receive a life sentence if sentenced today, and the risk of infection with COVID-19 while incarcerated. (Motion, Doc. 304, 16–25)

The Court finds that Botello has not demonstrated that extraordinary and compelling

reasons warrant reducing his sentence. Botello's good behavior is commendable, but it does not warrant his early release. His reliance on changes in the sentencing regime also present only his speculation that he would receive a more lenient sentence today. And while Botello, at age 63, is within a demographic that is more susceptible to the more serious symptoms of COVID-19, he has not demonstrated that the Bureau of Prisons is incapable of providing adequate medical attention should Botello contract the illness.

Based on the record, Botello has not demonstrated that the factors governing requests under Section 3582(c)(1) weigh in favor of the relief he seeks.

In the same Motion, Botello requests appointed counsel. (Motion, Doc. 304, 6) As an initial matter, Botello has no statutory or constitutional right to representation in connection with his request for compassionate release. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals."); *United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995) (finding that a post-conviction proceeding under 18 U.S.C. § 3582(c)(2) for a reduction of a sentence is not an "ancillary matter" requiring appointment of an attorney under 18 U.S.C. § 3006(A)); *see also United States v. Vasquez*, No. CR 2:18-1282-S-1, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020) ("There is no right to counsel in § 3582 or other post-appellate criminal proceedings."); *United States v. Patterson*, No. CR H-16-485-2, 2020 WL 6392427, at *3 (S.D. Tex. Nov. 2, 2020) (denying appointment of counsel on a motion under 18 U.S.C. § 3582(c)(1)(A)). In addition, the Court finds that such appointment would be futile, as no arguments or development of the factual record could reasonably lead to the conclusion that compassionate release is warranted.

Accordingly, it is:

**ORDERED** that Defendant Miguel Botello's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 304) is **DENIED**; and

**ORDERED** that Defendant Miguel Botello's request for appointment of counsel (Motion, Doc. 304, 6) is **DENIED**.

Signed on August 18, 2021.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge